UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SALLIE J. PROCTOR,

                Plaintiff,

  v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

Case No. 3:16-cv-05529-KLS

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds that defendant's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On October 22, 2007, plaintiff filed an application for disability insurance and another one for SSI benefits, alleging in both applications that she became disabled beginning August 27, 2007. Dkt. 9, Administrative Record (AR) 669. Both applications were denied on initial administrative review and on reconsideration. *Id.* At a hearing held before an Administrative Law Judge (ALJ), plaintiff appeared and testified. AR 20-42.

In a written decision dated February 16, 2010, the ALJ found plaintiff to be not disabled.

ORDER - 1

AR 10-19. Following denial of her request for review of that decision, plaintiff filed an appeal with this Court, which on December 19, 2011, reversed and remanded the matter for further administrative proceedings. AR 346-67.

On remand, a hearing was held before a different ALJ, at which plaintiff appeared and testified, as did a medical expert and a lay witness. AR 225-91. Plaintiff also appeared and testified at a supplemental hearing, as did the same lay witness and a different medical expert. AR 292-344. In a written decision dated March 28, 2013, the ALJ found plaintiff to be not disabled. AR 669. However, this Court again remanded the matter for further administrative proceedings on August 19, 2014, following denial of the request for review by the Appeals Council and plaintiff's appeal. AR 703-31.

At a third hearing held before a third ALJ, plaintiff appeared and testified as did a vocational expert. AR 732-60. In a written decision dated February 26, 2016, the ALJ found that prior to December 17, 2013, plaintiff was capable of performing other jobs existing in significant numbers in the national economy, and therefore that she was not disabled prior thereto. AR 685-86. The ALJ further found, however, that as of December 17, 2013, plaintiff was unable to perform other jobs existing in significant numbers in the national economy, and therefore that she was disabled as of that date. AR 686-87.

It appears that the Appeals Council did not assume jurisdiction of the matter, making the ALJ's decision the Commissioner's final decision, which plaintiff appealed in a complaint filed with this Court on June 30, 2016. Dkt. 3; 20 C.F.R. § 404.981. Plaintiff seeks reversal of that decision and remand for an award of benefits, or in the alternative for further administrative proceedings, arguing the ALJ erred:

(1) in evaluating the medical opinion evidence from Rebecca Hendryx, M.D., Marie Ho, M.D., Joseph Elias, M.D., and Anne Winkler, M.D.;

ORDER - 2

(2) in discounting plaintiff's credibility;

(3) in rejecting the lay witness evidence in the record;

(3) in assessing plaintiff's residual functional capacity (RFC); and

(4) in finding plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the Court agrees the ALJ erred in evaluating the opinion evidence from Dr. Ho and Dr. Winkler, and therefore in assessing plaintiff's RFC and in finding she could perform other jobs existing in significant numbers in the national economy. Also for the reasons set forth below, however, the Court finds remand for further administrative proceedings, rather than an outright award of benefits, is warranted.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably

ORDER - 3

drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.  The ALJ's Evaluation of the Medical Opinion Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881

ORDER - 4

F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

A. <u>Dr. Ho</u>

With respect to the medical opinion evidence in the record, the ALJ found:

. . . in February 2008, consultative examining physician Marie Ho, M.D., conducted a consultative physical examination and opined that the claimant

ORDER - 5

was limited to standing and walking cumulatively for at least two hours in an eight-hour day but that she may have sat cumulatively up to six hours in an eight-hour day. Dr. Ho also opined that lifting and carrying was limited to 10 pounds occasionally and less than 10 pounds frequently and that postural limitations included kneeling and crouching occasionally. Dr. Ho further opined that that [sic] the claimant had no other manipulative or environmental limitations. Although the undersigned finds that the claimant was more limited than opined by Dr. Ho in terms of manipulative and environmental limitations given her on-going back pain, her complaints of pain in her entire back when bending and elevating her arms at the time of Dr. Ho's examination, and her history of alcohol dependence, the undersigned accords little weight to the remainder of Dr. Ho's opinion given that it is largely inconsistent with the results of her contemporaneous physical examination as well as the record as a whole. For example, her opinion seems to rely in part on her diagnosis of fibromyalgia; however, given that she was the only physician who found tender points consistent with this condition, the limits she opined appear overly restrictive in light of the record related to the entire longitudinal period. Moreover, Dr. Ho's opinion was also informed by a diagnosis of "history scoliosis and sciatica, with chronic neck and back pain," which indicates that she relied in large part on the claimant's subjective complaints rather than objective findings when formulating her opinion. Dr. Ho's opinion is also inconsistent with her notes of positive Waddell's signs, indicating a psychological component to the claimant's pain, and the fact that she also noted just before the opinion portion of her consultative examination report that there were "some inconsistencies" during the course of the examination. For example, as discussed above, the claimant had muscle strength of 5/5 and normal muscle bulk and tone in the in the [sic] upper and lower extremities bilaterally, as well as no evidence of muscle atrophy.

AR 680 (internal citations omitted). Plaintiff argues the ALJ failed to provide valid reasons for rejecting Dr. Ho's opinion. The Court agrees.

First, it is questionable for the ALJ to discount Dr. Ho's opinion on the basis that Dr. Ho was the only physician who found tender points consistent with fibromyalgia, without offering any analysis explaining why the conclusions of those physicians who did not find the same are more credible than those of Dr. Ho. It is certainly well within the ALJ's discretion to disregard the conflicting opinion in another physician's assessment, but the ALJ still must exercise that discretion by setting forth his or her reasons for why one medical source is more credible than another. *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996). The ALJ did not do this here,

ORDER - 6

but merely declined to believe Dr. Ho's findings.

Nor is it clear why the simple diagnosis of an impairment – even if the ALJ ultimately is correct that the overall record fails to show the existence of the requisite tender points – is indicative of an overly restrictive functional assessment. While the ALJ does state that this is so "in light of the record related to the entire longitudinal period," she fails to identify with any specificity exactly what in that record contradicts Dr. Ho's functional assessment. AR 680; *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than . . . asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

The ALJ also erred in concluding that to the extent Dr. Ho's opinion was informed by a diagnosis of history of scoliosis and sciatica provided by plaintiff, that indicates Dr. Ho relied in large part on plaintiff's subjective complaints rather than objective findings. But even if Dr. Ho did rely on that reported history or other subjective complaints in forming her opinion, there is no indication she relied *in large part* on that history or those complaints.  Indeed, the findings Dr. Ho obtained on examination contain a number that are fairly significant, including pain and tenderness. *See* AR 166-68; *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion.").

As for the ALJ's reliance on the positive Waddell's signs and "inconsistencies" noted by Dr. Ho, what Dr. Ho actual stated was:

> There are some inconsistencies. At times she does not appear to exert adequate effort, *but this may be due to pain and inhibition*.

AR 166 (emphasis added). Contrary to the ALJ's suggestion, this statement taken as a whole,

ORDER - 7

hardly supports a finding of purposeful inconsistency or exaggeration on plaintiff's part. This too therefore was not a valid basis for rejecting Dr. Ho's opinion. Lastly, although the ALJ points to some of the more unremarkable clinical findings Dr. Ho noted, as just discussed Dr. Ho's report included other significant findings that would tend to support her opinion, which the ALJ seems to have ignored.

B.  Dr. Winkler

With respect to the medical expert testimony, the ALJ found in relevant part:

> . . . [A]t the second hearing in this matter in September 2012, impartial medical expert Anne Edith Winkler, M.D., offered testimony in which she opined that the claimant was limited to lifting and carrying no more than 20 pounds occasionally and 10 pounds frequently and standing and walking for six hours out of an eight-hour day. Dr. Winkler also testified that although the claimant was not limited in terms of total duration of sitting, she may have needed to shift positions regularly while seated. Dr. Winkler also opined that the claimant was able to perform postural activities on an occasional basis with the exception of crawling and climbing ladders, ropes, or scaffolds, which Dr. Winkler opined that the claimant could never do. Dr. Winkler further opined that the claimant was limited to occasional overhead reaching but otherwise had no other limitations in terms of manipulation. Finally, Dr. Winkler opined that the claimant should have avoided unprotected heights and concentrated exposure to cold, wetness, and humidity. The undersigned accords great weight to Dr. Winkler's opinion given that she had the opportunity to review the entire record available at the time of the hearing at which she testified. Therefore, she had a comprehensive view of the claimant's functioning during much of the period at issue. Dr. Winkler also offered credible testimony in which she called into question the claimant's effort at the time Dr. Ho's consultative physical examination upon which a more limited opinion of the claimant's functioning was based. Finally, Dr. Winkler's opinion is persuasive given that she is board certified in both internal medicine and rheumatology and further credibly testified that her opinion likewise differed from the functional assessment with which Dr. [Guthrie] Turner concurred because the record contains no evidence of nerve root impingement and, in her professional medical experience treating patients with degenerative disc disease, those with degenerative disc disease of a degree similar to that of the clamant are generally able to do more than sedentary work.

AR 682 (internal citation omitted). But as plaintiff points out, while the ALJ gave Dr. Winkler's

ORDER - 8

testimony great weight, she failed to adopt any limitation regarding the need to shift positions since January 23, 2013, or explain why this particular functional restriction was rejected. *See* AR 683-84. Because a need to shift can be expected to have a significant impact on plaintiff's RFC, the ALJ's failure here constitutes reversible error.

II.     The ALJ's Assessment of Plaintiff's RFC

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found that from her alleged onset date of disability through January 22, 2103, plaintiff had the RFC:

> **to perform light work, which is defined . . . as an ability to lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or**

ORDER - 9

> **walk for six of eight hours in an eight-hour workday, sit for six of eight hours in an eight-hour workday, and push and/or pull within the weight parameters set for lifting and/or carrying. The claimant was also able to occasionally climb ramps and stairs, but not ropes, ladders, or scaffolds. She was able to occasionally balance, stoop, and kneel, but not crawl or crouch. She was further able to perform work that involved occasional overhead reaching bilaterally and that did not involve concentrated exposure to extremes of cold, wetness, humidity, and hazards such as unprotected heights and working machinery. Finally, the claimant was able to perform work that allowed the option to change positions from sitting to standing at one-hour intervals.**

AR 675 (emphasis in the original). The ALJ further found that since January 23, 2013, plaintiff had the RFC:

> **to perform sedentary work, which is defined . . . as an ability to lift and/or carry 10 pounds occasionally and 10 pounds frequently, stand and/or walk for two of eight hours in an eight-hour workday, sit for six of eight hours in an eight-hour workday, and use the hands and fingers for repetitive hand-finger actions. The claimant is also able to perform work that involves occasional climbing of ramps and stairs but that does not involve climbing ropes, ladders, or scaffolds. She is able to perform work that involves occasional balancing, stooping, and kneeling but that does not involve crawling or crouching. She is further able to perform work that does not involve concentrated exposure to extremes of cold, wetness, humidity, and hazards such as unprotected heights and working machinery.**

AR 683-84 (emphasis in the original). But because as discussed above the ALJ erred in failing to properly evaluate the opinion evidence from Dr. Ho and Dr. Winkler, the ALJ's RFC assessment cannot be said to completely and accurately describe all of plaintiff's limitations.

III.  The ALJ's Step Five Determination

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

ORDER - 10

An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found that prior to December 17, 2013 plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 685-86. But because as discussed above the ALJ erred in assessing plaintiff's RFC, the hypothetical question the ALJ posed to the vocational expert – and thus that expert's testimony and the ALJ's reliance thereon – also cannot be said to be supported by substantial evidence or free of error.

III.     Remand for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further

ORDER - 11

administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Although plaintiff requests remand for an outright award of benefits, the Court finds that because issues remain in regard to the opinion evidence, plaintiff's RFC, and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of those issues instead is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ improperly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

DATED this 18th day of April, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER - 12